UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


TAURUS CALDWELL                                                                    PETITIONER

V.                                                          CIVIL ACTION NO.4:08CV88-SA-JAD

ED HARGETT, et al.                                                                 RESPONDENTS

### REPORT AND RECOMMENDATION

Caldwell seeks habeas relief in this court from his 2004 conviction and thirty year sentence

for possession of marijuana with intent to distribute.  The respondents have moved to dismiss the

petition as untimely filed.

Title 28 U.S.C. §2244(d) provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing a application created by State
action in violation of the Constitution or the laws of the United States is removed,
if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

Caldwell was convicted and sentenced in the Circuit Court of Leflore County, Mississippi.

His conviction and sentence were affirmed by the Mississippi Court of Appeals on September 19,

2006.  By failing to file a petition for rehearing in the court of appeals, Caldwell abandoned the

discretionary appeal process.  Mississippi procedure allows fourteen days in which to file for

rehearing.  Caldwell's judgment of conviction therefore became final fourteen days after the court of appeals decision or on October 3, 2006.

Caldwell properly filed a motion for post-conviction relief on April 16, 2007.  One hundred and ninety five days of his federal limitations period had expired prior to his filing in state court.  In accordance with the federal statute, the running of the limitations period is stayed during the pendency of state post-conviction proceeding.  On June 11, 2007, the Mississippi Supreme Court denied the petition finding that all claims other than ineffective assistance of counsel were procedurally barred because they could and should have been raised at trial and on direct appeal.  They alternatively found the claims were without merit.  The order of the court found that there was no merit to the ineffective assistance of counsel claim.

Caldwell thereafter filed a motion for a rehearing on his motion for post-conviction relief and a second motion for reconsideration.  Both of these motions were denied as not proper under M.R.A.P. 27(h).  This Mississippi rule prohibits motions for reconsideration on rulings on motions with certain listed exceptions.  The motion for leave to file for post-conviction relief is not one of the listed exceptions.  Therefore these additional filings do not constitute "properly filed" post-conviction pleadings and do not further toll the federal statute of limitations.  Additionally even if motions for rehearing and reconsideration were otherwise proper, Caldwell's first filing was well beyond the 14 day time limit for such filing and for that reason is not a filing that will toll the running of the federal statute of limitations.  *Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000).  There are no other filings in the state courts.

Caldwell's federal habeas petition was filed between June 24, 2008 and June 26, 2008.  Caldwell let 195 days of his one year period expire between the date his conviction became final and

the institution of state post-conviction proceedings. He then waited another 379 to 381 days to file his federal petition. This petition is not timely

The undersigned recommends that the petition be dismissed with prejudice as untimely.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 5th day of December, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE